The Supreme Court affirmed the judgment of the Common Pleas on January 30, 1865, in the following opinion, per:
Strong, J.
This was a special action upon the case, brought under the Second Section of the Act of Assembly. of March 21st, 1772,1 Smith’s Laws 370, to recover treble damages from the defendant below and three others for a pound breach or rescous of cattle and other chattels distrained and impounded for rent in arrear. Only ITanbest, the one defendant, who is now plaintiff in error, was served with the writ, and he alone appeared and pleaded to the declaration. A verdict and judgment having been recovered against him, he has removed the record into this Court, and assigned thirteen' errors.
The first and second are, in substance, that a verdict was permitted to be returned, and that a general judgment was given against all the defendants named, as well as those who had not been summoned, and who had not appeared and pleaded, as ITanbest who alone had joined issue. Of these assignments it may be said, they are founded upon a mistake of fact. The record does not show that the jury were sworn to try, or that they tried any other issue than the one joined between the plaintiff and ITanbest, the defendant who pleaded. Nor does it show any judgment rendered against any other than that defendant. The entries are in brief, according to one practice, but if extended at length, they must be strictly accurate. All presumptions are in favor of the regularity of the proceedings in the Court below. He who assigns error must show affirmatively that the error exists.
The third and fourth assignments aver error in receiving the declarations of Daniel and Samuel Colfiesh, two of the defendants who had not been summoned, and’who liad not appeared. It is said their declarations were not evidence against IIanbest. The *475 Court-admitted them subject to the condition that the plaintiff"' should connect IIanbest with the declarants, by subsequent evidence. The theory of the plaintiff’s case, and what he undertook to establish was that there had been a pouud breach and rescons, and that IIanbest and Daniel and Samuel Colflesh had been joint actors in that rescous. To. maintain this it was not necessary to prove that ITanbest was personally at the pound, or that he broke down the enclosure and drove the cattle away. It was enough if he indirectly participated in the outrage. If the act was done by other agents, ini pursuance of a design common to them and him, it was in law his act, and the declarations of those other agents,, made -while they were pursuing the common plan, and in furtherance of it; made while they were removing and withholding the property from the reach of the landlord’s warrant, after it had been distrained and impounded, were his declarations and evidence against him. Without such connection indeed they were not, and so the Court ruled in effect, while admitting the evidence. It was allowed to be evidence only in case, combination between the declarants and ITanbest should be shown. It is admitted that generally Courts require proof of a connection between parties in a common enterprise. More or less clear before the acts and declarations of one are received to affect another, but this is not always demanded. It is not always possible to arrive at the truth in that manner. Hence it must be left to the discretion of the Court to direct the order of the evidence. A combination itself is sometimes shown by the individual acts or declarations of the several conspirators, made in ■lie absence of the others and at different times, but all tending to the same object. A jury is permitted to infer a common design from the harmony of the means employed, and their manifest adaptedness to each other. Moreover the law regards every one who has entered into a conspiracy iu any stage of its. progress, a party to every act which had before been done by the-other conspirators, as well as to those which may afterward be done, in furtherance of the common design ; 1 Creenleaf Ed., Yol. 1, Sec. Ill, and notes with the cases cited. Hence it is «ometimes necessary to show the existence of a conspiracy between others, and to show acts done in furtherance of it, to *476 prepare the way for establishing a defendant’s connection with it. Such a course is allowable, and such was the course pursued in the Court below. It was competent for the plaintiff to prove that there had been .a rescous in which Daniel and Samuel Col-flesh were actors, before showing Ilanbest’s connection with it, ■either in its iuception, or its subsequent prosecution by withholding the chattels from the landlord’s bailiff. To establish such a rescous the declarations admitted in evidence were convincing proof, and hence they became evidence against Hanbest whenever his connection with those actors in the scheme was afterwards shown.
■ The fifth assignment of error is based upon no exception taken in the Court below, and if it were, it could not be sustained.
The sixth and seventh assignments may be considered together. We are of the opinion that the evidence'admitted by the Court had a direct tendency to show that Hanbest was a party to the unlaivful effort to rescue the chattels distrained from the reach of the landlord’s bailiff. It exhibited circumstances which in connection with other facts were vfery significant. It was already in evidence that after the cattle had been taken from the place where they 'had been impounded they were found almost immediately upon the defendant’s place, and again, after they had been recaptured, and a second time rescued, when .attempts were made to recapture them he resisted, and claimed the property as his own. All this proving insufficient, he sued out a replevin in the name of another person, and subsequently .sued out an execution upon a judgment he had against Colflesh, .and directed it to be levied upon the cattle, not as the property •of the person for whom he had sued out the replevin, but as the property of the persons who had manifestly been engaged in the rescous. Surely this went far to establish that he was engaged in the same effort in which Daniel and Samuel Colflesh were ■engaged, an effort to rescue the property which had been impounded, and withdraw it from the grasp of the landlord’s warrant. It would be difficult to find more convincing evidence of .a common design than the facts furnished m the aggregate. What was done by the Deputy Sheriff was manifestly instigated Iby Hanbest, and if it had been much more important than it was, *477 it would have been evidence against him. It was, however, of very little importance. He objected to the admission of the directions given by him to the Sheriff’, respecting the execution of the replevin, and the evidence received proved none. The sixth assignment therefore falls. What was done under the execution was of course chargeable to him, and he directed what should be done.
The eighth, ninth, and eleventh assignments are in substance that there was error in submitting to the jury the question of the guilt of Ilanbest, without any evidence of his having participated in the wrongful acts of which the plaintiff complained. It is enough to say in regard to these that in our opinion there was evidence against him on all the points of the case, quite too much to justify its being withheld from the jury. Some of it has been' noticed. There was much more.
The defendant’s third point was in all respects correctly answered.
It remains only to notice the instructions given respecting the amount of damages, of which the plaintiff in error complains. After charging the jury that if they should find the defendant guilty of the act complained of, their verdict should be against him for a sum equal to three times the amount of the damages the plaintiff had actually suffered from the interference with his efforts to recover his rent, the learned judge directed them to ascertain those damages, with reference to the amount of rent in arrear, the value of the property taken, and “the costs and expenses necessarily incurred in recovering, and disposing of it. And again, they were directed that if the jury should find a verdict in the plaintiff’s favor, he was entitled to recover all costs and expenses created by reason of the pound breach, or rescous, including the necessary expenses of keeping the cattle after their capture, until sold under the distress. All this is unexceptionable. The Act of 1772, gives to the landlord “treble damages and costs of suit.” Not treble the unpaid rent, or treble of the value of the property eloigned. It is unlike the Timber Act of March 29,1824, P. 'Laws 152, which gives to the injured party double the “value of the trees felled or treble the “value” in *478 case of conversion. Whatever of loss was caused by the wrongful act of the defendant is, under the 'Act 1772, a' constituent of damages. The Court cannot be understood as having directed the jury to give treble the costs of the distress. The words costs and expenses were used as synonymous, and they were restricted to such as were rendered necessary by the defendant, to such as were incurred in the recapture of’ the property rescued, and in taking care of it until it could be made available for the payment of the rent. If the defendant was guilty, it was his act that imposed upon the plaintiff the cost and expense of keeping and feeding the cattle at Leipersville and at Chester. It would be strange if that was not to be regarded damages within the meaning of the Act of Assembly. And certainly the defendant has no reason to complain. He made himself liable in the first instance to three times the amount of the rent due the plaintiff, viz: $765.00 if the goods distrained were of that value. The recapture of a part Of the distress, and keeping the cattle until they were sold, went in relief of his liability. It was for his benefit, more than for that of the plaintiff But if he is to have the benefit of the recapture and subsequent care and feeding of the distress, it is not unjust that he beheld to pay the expense necessary to his enjoyment of the benefit.
The judgment is affirmed.